UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JOHN CLAY #413516, Jr.,

    Plaintiff,

v.

DAVID ISARD, et al.,

    Defendants.

Case No. 2:09-cv-209

HON. GORDON J. QUIST

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's due process claims against Defendants Inspector David Isard and Hearing Officer Unknown O'Brien or failure to state a claim. The Court will serve the complaint against Defendant Isard with regard to the retaliation claims.

**Discussion**

I.  Factual allegations

Plaintiff John Clay Jr., an inmate at the Florence Crane Correctional Facility, claims that on December 5, 2007, while he was incarcerated at the Hiawatha Correctional Facility, he was called to Defendant Isard's office and questioned about writing too many complaints and grievances. Plaintiff defended his right to file grievances and Defendant Isard responded by questioning Plaintiff about his phone usage from October 2, 2007, until October 17, 2007, during sanctions. Plaintiff admitted using the phone but stated that he was unaware of any sanctions. Defendant Isard then stated:

> Okay you'll know about it in a few minutes and maybe you'll stop
> writing grievances and complaining and if you do not stop after this,
> you'll be shipped to a level III facility from this level I, which will be
> URF Chippewa Correctional Facility, so go see the [Lieutenant] at
> the front desk.

Plaintiff states that he spoke to Lieutenant Paul Paterson, pursuant to Defendant Isard's orders. Lieutenant Paterson informed Plaintiff that he was being charged with ten major misconduct tickets for interference with the administration of rules because he had used the phone while on sanctions.

On December 26, 2007, twenty-one days after he was initially reviewed on the misconduct tickets, Plaintiff received a hearing on the misconducts by Defendant O'Brien. Plaintiff was subsequently found guilty of the major misconducts by Defendant O'Brien. Plaintiff seeks both equitable relief and damages.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants Isard and O'Brien violated his due process rights. Plaintiff's complaint, as well as the attached documents, establish that if Plaintiff had a right implicating the due process protections of the Constitution, Plaintiff received due process of law. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. *Zinermon v. Burch*, 494 U.S. 113, 127-28, 110 S. Ct. 975, 984 (1990). The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9, 100 S. Ct. 553, 558, n. 9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon*, 494 U.S. at 125, 110 S. Ct. at 983 (1990) (emphasis in original). Further, an inmate has no right to counsel in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 569-70, 94 S. Ct. 2963, 2981 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986).

In this case, Plaintiff received a hearing on the misconduct violations on December 26, 2007. Plaintiff attaches copies of the hearing reports, which indicate:

> Prisoner is present and the misconduct report is reviewed with him along with Major Misconduct Report, Major Misconduct Hearing Report, his statement that it took too long to write and he forgot about his sanctions, and Inspector Isard's statement that he did not discover the calls until [Plaintiff] asked for a printout of his calls for 2007 and saw that [Plaintiff] made calls while on sanctions. [Plaintiff] states that he did not recall he was on sanctions as he assumed they were over and he feels it took long to write the misconduct. [Plaintiff] has nothing further to add. No further evidence is requested or is needed. [Plaintiff] is informed of the findings, sanctions and sanction dates and told that he will receive the report later today.

Defendant O'Brien noted that the delay in writing the misconducts was reasonable due to the fact that the calls on sanctions were discovered on the same date that Defendant Isard wrote the misconducts. Defendant O'Brien further stated that based on the uncontested facts, Plaintiff was using the phone without staff authorization while on Loss of Privileges (LOP) on October 2, 2007, through October 9, 2007, as well as on October 12, 2007, and October 17, 2007. Defendant O'Brien stated that a prisoner on LOP is not allowed to use the phone without staff authorization, and that it is not a defense that Plaintiff assumed the sanctions had been completed because Plaintiff had been informed of the sanction dates and had been given a copy of the report listing those dates. (*See* Plaintiff's Exhibit B.)

It is clear that Plaintiff received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes

a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Plaintiff has failed to show that his due process rights were denied.

The court concludes that Plaintiff's retaliation claims against Defendant Isard are not clearly frivolous and may not be dismissed upon initial review.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's due process claims against both Defendants will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Isard solely with regard to the retaliation claims.

An Order consistent with this Opinion will be entered.


Dated: November 20, 2009             /s/ Gordon J. Quist
                                                             GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE