UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN CLAY,

    Plaintiff,

v.

Case No. 2:09-cv-209
HON. GORDON J. QUIST

DAVID ISARD, et al.,

    Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff John Clay Jr., an inmate at the Florence Crane Correctional Facility, filed this civil rights action pursuant to 42 U.S.C. § 1983. The only defendant remaining in this action is David Isard. In his complaint, Plaintiff claims that on December 5, 2007, while he was incarcerated at the Hiawatha Correctional Facility, he was called to Defendant Isard's office and questioned about writing too many complaints and grievances. Plaintiff defended his right to file grievances and Defendant Isard responded by questioning Plaintiff about his telephone usage from October 2, 2007, until October 17, 2007, while he was on sanctions. Plaintiff admitted using the telephone but stated that he was unaware of any sanctions. Defendant Isard then stated:

> Okay you'll know about it in a few minutes and maybe you'll stop writing grievnaces and complaining and if you do not stop after this, you'll be shipped to a level III facility from this level I, which will be URF Chippewa Correctional Facility, so go see the [Lieutenant] at the front desk.

Plaintiff states that he spoke to Lieutenant Paul Paterson, pursuant to Defendant Isard's orders. Lieutenant Paterson informed Plaintiff that he was being charged with ten major misconduct tickets

for interference with the administration of rules because he had used the telephone while on sanctions.

On December 26, 2007, twenty-one days after he was initially reviewed on the misconduct tickets, Plaintiff received a hearing on the misconducts by Defendant O'Brien. Plaintiff was subsequently found guilty of the major misconducts by Defendant O'Brien. Plaintiff seeks both equitable relief and damages.

The only claim remaining in this case is Plaintiff's retaliation claim against Defendant Isard. Presently before the Court is the Defendant Isard's Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in

support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff claims that Defendant Isard issued ten major misconduct tickets on him in retaliation for writing grievances and complaints. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendant Isard attests that as an inspector, he is responsible for monitoring and maintaining the correctional facility's teletelephone recording / monitoring system. Consequently, Defendant Isard has access to all of the inmate recorded teletelephone calls. In 2007, Plaintiff requested his Hiawatha Correctional Facility (HTF) telephone records for the year 2007. Defendant Isard checked with the records office to determine how long Plaintiff had been at HTF and discovered that he had been on loss of privileges when he arrived at HTF on October 1, 2007. The

loss of privileges restriction continued through October 18, 2007. Pursuant to MDOC policy, a prisoner on loss of privileges loses his teletelephone privileges. When Defendant Isard reviewed Plaintiff's teletelephone usage, he discovered that Plaintiff had made numerous teletelephone calls while on loss of privileges at HTF. Defendant Isard issued Plaintiff one misconduct ticket for each day that he made a teletelephone call while on loss of privileges, despite the fact that Plaintiff had made numerous telephone calls on various days. Defendant Isard states that he does not recall ever discussing Plaintiff's grievances with him, and states that the issue of whether Plaintiff had filed too many grievances was one for the Grievance Coordinator. Defendant Isard states that the sole reason that he issued the misconduct tickets was because Plaintiff had violated disciplinary rules by using the telephone while on loss of privileges. (Defendant's Exhibit 1, ¶¶ 4-12.)

As noted by the court in the November 20, 2009, opinion, Plaintiff received a hearing on the misconduct violations on December 26, 2007. Plaintiff attaches copies of the hearing reports, which indicate:

> Prisoner is present and the misconduct report is reviewed with him along with Major Misconduct Report, Major Misconduct Hearing Report, his statement that it took too long to write and he forgot about his sanctions, and Inspector Isard's statement that he did not discover the calls until [Plaintiff] asked for a printout of his calls for 2007 and saw that [Plaintiff] made calls while on sanctions. [Plaintiff] states that he did not recall he was on sanctions as he assumed they were over and he feels it took too long to write the misconduct. [Plaintiff] has nothing further to add. No further evidence is requested or is needed. [Plaintiff] is informed of the findings, sanctions and sanction dates and told that he will receive the report later today.

Defendant O'Brien noted that the delay in writing the misconducts was reasonable due to the fact that the calls on sanctions were discovered on the same date that Defendant Isard wrote the misconducts. Defendant O'Brien further stated that based on the uncontested facts, Plaintiff was using the telephone without staff authorization while on loss of privileges on October 2, 2007,

through October 9, 2007, as well as on October 12, 2007, and October 17, 2007. Defendant O'Brien stated that a prisoner on loss of privileges is not allowed to use the telephone without staff authorization, and that it is not a defense that Plaintiff assumed the sanctions had been completed because Plaintiff had been informed of the sanction dates and had been given a copy of the report listing those dates. (*See* Plaintiff's Exhibit B.)

Defendant Isard asserts that Plaintiff has not demonstrated the third prong of the standard set forth in *Thaddeus-X*. The record reveals that Plaintiff admitted to making the telephone calls on the dates at issue. Plaintiff was on loss of privileges on those dates. The finding that Plaintiff was guilty of the underlying misconduct charges satisfies Defendant Isard's burden of showing that he would have brought the misconduct charges against Plaintiff absent his use of the grievance system. *Owens v. Johnson*, 221 F.3d 1335, 2000 WL 876766 (Sixth Cir. Jun. 23, 2000) (*citing Hynes v. Squillace*, 143 F.3d 653, 657 (2d Cir.), *cert. denied*, 525 U.S. 907 (1998); *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)).

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant Isard's motion for summary judgment. Accordingly, it is recommended that Defendant Isard's Motion for Summary Judgment (docket #31) be granted and that this case be dismissed in its entirety. Should the court adopt the report and recommendation in this case, Plaintiff's motion for directed verdict (docket #37) is properly denied as moot.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and

recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: January 31, 2011